IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

JONATHAN DAVID DUKE,

_____/

CASE NO. 4:07-cr-65-RH-GRJ

### O R D E R

This case is before the Court on Doc. 115, Defendant's letter to the Court. Defendant requests that the Court enter a "less specific" Report and Recommendation on his petition under 28 U.S.C. § 2255, that does not provide the factual details of Defendant's charge and conviction. As grounds for this request, Defendant cites security concerns at the institution where he is confined. Defendant suggests that it might be possible for other inmates to learn the factual basis of his conviction if the Report and Recommendation, Doc. 114, is published by the Lexis Nexis online research service. For the following reasons, the Court finds that the request is due to be denied.

There is a strong presumption of openness in criminal proceedings. *See*, *e.g.*, *United States v. Doe*, 63 f.3d 121, 125-27 (2nd Cir. 1995). Given the presumption of openness, proceedings should be closed only when "essential to preserve higher values," and any such order must be "narrowly tailored to serve that interest." *Id*. at 127 (internal quotations and citations omitted). In considering such a motion, a court must consider whether there is a substantial probability of prejudice to a compelling interest, whether reasonable alternatives are available, and whether the interest at issue

overrides the public's First Amendment right of access. *Id*. at 128. A court may summarily deny such a motion "in circumstances where a conclusory or wholly implausible allegation of danger is presented." *Id*. at 130. While Defendant has not requested that the entire Report and Recommendation be sealed, he has asked the Court to redact the facts of his criminal trial and conviction, which implicates many of the same concerns. As other courts have noted,

> [t]he "right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). "[W]hen a district court . . . considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch,* 435 F.3d at 120 (citation omitted). Courts should be especially reluctant to remove or conceal proceedings that appear in their opinions, as "an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Id.* at 121 (citation omitted).

*Doe v. Greiner*, 662 F. Supp. 2d 355, 362 (S.D. N.Y. 2009).

In this case, Defendant was indicted and found guilty after a bench trial. Defendant's own petition under 28 U.S.C. § 2255 described many of the facts of his conviction and trial. Defendant has presented the Court with no persuasive reason to remove the factual details underlying his conviction from its Report and Recommendation, particularly given the fact that those details are relevant to the analysis of the issues presented in Defendant's § 2255 petition. "There is a strong interest in airing and resolving these issues [presented in a habeas petition" in public

proceedings." *Doe*, 662 F. Supp. 2d at 361. Defendant's allegation of potential harm from other inmates is wholly conclusional and speculative, and therefore the motion should be denied.

Accordingly, it is **ORDERED:**

Defendant's letter to the Court, construed as a request for a less specific Report and Recommendation, Doc. 115, is **DENIED**.

**DONE AND ORDERED** this 29th day of January 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge