IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:07cr65-RH/GRJ

JONATHAN DAVID DUKE,

    Defendant.

_____/

# ORDER DENYING THE § 2255 MOTION

An indictment charged the defendant Jonathan David Duke with using a facility of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce an individual under age 18 to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and knowingly traveling in interstate commerce for the purpose of engaging in an unlawful sexual act with a person under age 18, in violation of 18 U.S.C. § 2423(b). At Mr. Duke's request—and with the government's consent—the case was tried to the court, not to a jury. The evidence established that Mr. Duke, who was in Georgia, communicated over the internet with a law-enforcement officer posing as a 13-year-old girl, and that Mr. Duke traveled to Florida to meet with her. Indeed, this was and is undisputed.

Mr. Duke testified that traveled to meet the girl only to counsel her, not to have sex. But I found beyond a reasonable doubt that Mr. Duke knowingly attempted to persuade and entice the girl to have sex with him and traveled to Florida for that purpose. The finding was based on all the evidence as presented during a full and fair trial, including the actual communications between Mr. Duke and the law-enforcement officer. The finding also was consistent with Mr. Duke's own statements in a post-arrest interview. I found Mr. Duke guilty.

Mr. Duke now has moved under 28 U.S.C. § 2255 for relief from the judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 114, and the objections, ECF No. 116. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting

out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on February 8, 2013.

                                                  s/Robert L. Hinkle
                                                  United States District Judge